IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Keith Phillips, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 17 C 50238 |
| | ) | |
| vs. | ) | |
| | ) | |
| Collier RV Super Center, Inc., et al. | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the foregoing reasons, the portion of defendants' objection going to plaintiffs' notice of acceptance is denied. Defendant's prior motion to dismiss [16] is denied as moot. Plaintiffs' motion [20] for attorneys' fees and costs is stricken without prejudice for not complying with the local rules of the Northern District of Illinois. The parties are directed to comply with Local Rules 54.1 and 54.3 on the matters of taxable costs, attorney's fees and related nontaxable expenses. See Fed. R. Civ. P. 54(d). Judgment on the offer of judgment and acceptance is entered as follows: Judgment is entered in favor of plaintiffs, Keith Phillips and Christine Phillips and against defendants, Collier RV Super Center, Inc. and Edward J. Collier in the amount of $15,000.00, plus a sum equal to the aggregate amount of attorneys' fees and recoverable costs and expenses reasonably incurred by the plaintiffs as of October 11, 2017 and for or in connection with the commencement and prosecution of this action. The parties are directed to consider settlement of this entire case and, if unsuccessful, to comply with the directive in this order which, in essence, requires compliance with existing law and local rules.

**STATEMENT**

On October 12, 2017, plaintiffs, Keith Phillips and Christine Phillips, filed their notice of acceptance of the Fed. R. Civ. P. 68 offer of judgment [19] made by defendants, Collier RV Super Center, Inc. and Edward J. Collier. The offer of judgment was dated October 11, 2017. The offer of judgment provided that it was "in the amount of fifteen thousand and 00/100 dollars ($15,00.00 (sic)), plus a sum equal to the aggregate amount of attorney's fees and recoverable costs and expenses reasonably incurred by the plaintiff as of the date of this offer and for or in connection with the commencement and prosecution of this action." Plaintiffs also filed a motion [20] for attorneys fees and costs. On October 26, 2017, defendants filed a document [23] titled "Defendants' Objection to Plaintiffs' Notice of Acceptance and Response to Plaintiff's Petition for Attorney Fees and Costs."

Defendants' objection asks that its Rule 68 offer be deemed revoked. They argue their counsel sent plaintiffs' counsel an email shortly after transmitting the offer saying that the offer had been sent in error and that it was withdrawn and rescinded. Plaintiffs' counsel responded:

"As you wish.  We were about to accept it."  Shortly, thereafter, plaintiff's counsel sent another email to defense counsel stating: "We still might, actually."  Plaintiff filed its acceptance the next day.  Defendants contend plaintiffs' first email response consented to the withdrawal of the offer so its acceptance should be voided.

Defendants' objection is without merit as Rule 68 offers of judgment may not be revoked or rescinded. <u>Webb v. James</u>, 147 F.3d 617, 60-21 (7th Cir. 1998).  "Rule 68 operates automatically, requiring that the clerk 'shall enter judgment' upon the filing of the offer, notice of acceptance and proof of service.  This language removes discretion from the clerk or trial court as to whether to enter judgment upon the filing of the accepted offer.  Because of this mandatory directive, the district court has no discretion to alter or modify the parties' agreement.  Entry of a Rule 68 judgment is ministerial rather than discretionary.  Thus, there is no opportunity for a district court to even consider allowing rescission of the Rule 68 'contract.'  Once the acceptance has been properly filed, judgment must be entered." <u>Id.</u>, at 621.  The offer, notice of acceptance, and proof of service were properly filed on October 12, 2017.  Dkt. No. 19.  Judgment should have been entered on that date but was not.  Instead, the "proper procedural device for relief from a Rule 68 judgment is the same as for any other judgment: Rule 60." <u>Id.</u>  If defendants want to seek relief from the judgment, they must file, on or before January 5, 2018, a motion pursuant to Fed. R. Civ. P. 60 to do so.

For the foregoing reasons, the portion of defendants' objection going to plaintiffs' notice of acceptance is denied.  Defendant's prior motion to dismiss [16] is denied as moot.  Plaintiffs' motion [20] for attorneys' fees and costs is stricken without prejudice for not complying with the local rules of the Northern District of Illinois. The parties are directed to comply with Local Rules 54.1 and 54.3 on the matters of taxable costs, attorney's fees and related nontaxable expenses. <u>See</u> Fed. R. Civ. P. 54(d).

Judgment on the offer of judgment and acceptance is entered as follows: Judgment is entered in favor of plaintiffs, Keith Phillips and Christine Phillips and against defendants, Collier RV Super Center, Inc. and Edward J. Collier in the amount of $15,000.00, plus a sum equal to the aggregate amount of attorneys' fees and recoverable costs and expenses reasonably incurred by the plaintiffs as of October 11, 2017 and for or in connection with the commencement and prosecution of this action.

The parties are directed to consider settlement of this entire case and, if unsuccessful, to comply with the directive in this order which, in essence, requires compliance with existing law and local rules.

Date: 12/11/2017                ENTER:

                                                                 *Philip G. Reinhard*
                                                                 United States District Court Judge

                                                                                         Electronic Notices. (LC)